# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHARLES DAVID SEARS, | ) |
| Plaintiff, | ) |
| vs. | ) 2:11-cv-321-WTL-MJD |
| SHERIFF MICHAEL D. BOWLBY, et al., | ) |
| Defendants. | ) |

## Entry Dismissing Specified Claims
## and Directing Further Proceedings

For the reasons explained in this Entry, the legally insufficient claims asserted in the complaint filed by Charles Sears are **dismissed**, while other claims will **proceed** as directed, all consistent with the following:

1. Sears is an inmate at the Shelby County Criminal Justice Center. He alleges in this action brought pursuant to 42 U.S.C. § 1983 that potentially cancerous cysts under his right arm became swollen and ruptured because he was not provided constitutionally adequate care, such as the surgical removal of the cysts. He seeks money damages.

2. Because Sears is a prisoner, the complaint is subject to the screening required by 28 U.S.C. ' 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

3. As noted, Sears' complaint is brought pursuant to 42 U.S.C. § 1983. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949

(2009)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Applying this pleading standard, together with the fact that claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or *respondeat superior. Id.,* 129 S. Ct. at 1948, claims against Sheriff Michael D. Bowlby and Jail Commander Capt. Ann E. Wischmeyer are dismissed. Only persons who cause or participate in the violations are responsible. *See Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005). Sears' allegations do not suggest a plausible basis for concluding that these supervisory defendants personally caused the denial of medical care alleged in the complaint.

4. No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

5. The clerk is designated pursuant to *Fed.R.Civ.P.* 4(c)(3), to issue process to Nurse Millie Havens and Dr. Collier in the manner specified by Rule 4(d)(1). Process shall consist of the complaint [1], supplement [5], applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 02/24/2012

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Charles David Sears
107 W. Taylor St.
Shelbyville, IN 46176

Nurse Millie Havens
107 W. Taylor St.
Shelbyville, IN 46176

Dr. Collier
107 W. Taylor St.
Shelbyville, IN 46176

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.