# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

CHARLES DAVID SEARS,         )
                                )
            Plaintiff,      )
                                )
         vs.             )    Cause No. 2:11-cv-321-WTL-MJD
                                )
NURSE MILLIE HAVENS and     )
DOC. DR. COLLIER,          )
                                )
          Defendants.     )

## ENTRY ON MOTIONS FOR SUMMARY JUDGMENT

This cause comes before the Court on the Defendants' motions for summary judgment (docket numbers 17 and 20). The Plaintiff has not responded,[1] and the time for doing so has now passed. The Court rules as follows.

## I.    STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.,* 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca,* 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual

---

[1] The Plaintiff is proceeding *pro se* in this case and was provided the notice required by this Court's Local Rules.

allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001).

## II.     BACKGROUND

On August 3, 2011, Plaintiff Charles Sears pled guilty to a battery charge for assaulting or attempting to assault an individual while he was in custody of the Shelby County jail for dealing a controlled substance. He was sentenced to one year (needing only to serve 60 days due to credits) at the jail.

On August 25, 2011, Sears presented to jail nurse Millie Havens complaining of a cyst on the bridge of his nose. He was afraid that it would continue to grow and indicated to Nurse Havens that he had had a cyst removed surgically in the past.

That same day, Nurse Havens sent Dr. Newell, Sears's family physician, a letter seeking records of all cyst removals to review prior treatment. Sears signed a medical records release authorization for these records. These records were received the following day on August 26, 2011. Prior records from September 2010 indicated that Dr. Newell had treated Sears for a left medical canthal abscess and periorbital cellulitis. He had incised and drained the abscess and continued to treat Sears with Bactrim, an antibiotic.

On review of these records on August 26, 2011, Nurse Havens noted that she would talk with Dr. John Collier to establish a treatment plan for Sears. Dr. Collier is the physician assigned to provide primary care to Shelby County Jail inmates, and he visits the jail once a week. Nurse Havens contacted Dr. Collier, who prescribed Bactrim. Nurse Havens counseled Sears regarding this treatment plan.

2

The next time Dr. Collier was at the jail, on August 31, 2011, he personally reviewed Sears's prior medical records. Dr. Collier had no other contact about Sears from the jail until he was on Dr. Collier's list of inmates that needed to be seen on November 16, 2011. Sears filed a grievance on November 14, 2011, seeking medical treatment for a cyst that had developed under his right arm and ruptured.

Nurse Havens treated Sears with Bactrim and Ibuprofen on November 15. The nurse noted that prior to this visit, "[Sears] states he had not sent a request to see me, only came up last couple days." Nurse Havens scheduled an appointment for Sears to follow up with Dr. Collier the following day.

Sears presented to Dr. Collier on November 16, 2011. On exam, Dr. Collier noted a right axillary skin fistula overlying a tender cystic structure and a large surgical scar under the left axilla, secondary to excision earlier in the year. He noted that the fistula had drainage and cellulitis. Dr. Collier classified Sears's condition as hidradentitis (a scarring condition of the sweat glands that looks like acne). Dr. Collier prescribed Bactrim twice daily for ten days, 300 mg Clindamycin (another antibiotic) twice daily, and 600mg of ibuprofen twice daily. He also told Sears to elevate his arm as much as possible and instructed the jail staff to check daily for progress.

On November 22, 2011, Nurse Havens noted that Sears refused to present to nurse's call for follow-up care. Sears indicated he felt no need for treatment.

On December 12, 2011, Sears filed the instant action, alleging that Nurse Havens and Dr. Collier[2] failed to give him proper medical treatment, which failure constituted cruel and unusual

---

[2] Sears originally asserted claims against two additional defendants, Sheriff Michael D. Bowlby and Jail Commander Ann E. Wischmeyer. The Court dismissed the claims against these defendants by order dated February 24, 2012. Dkt. No. 6.

punishment and due process violations under 42 U.S.C. 1983. Nurse Havens and Dr. Collier have now moved for summary judgment.

### III.   DISCUSSION

The Eighth Amendment's prohibition of cruel and unusual punishment, as incorporated by the Fourteenth Amendment, imposes a duty on the states to provide medical care to incarcerated individuals. *E.g.*, *Williams v. Liefer,* 491 F.3d 710, 714 (7th Cir. 2007). However, the Constitution is only violated if prison officials are deliberately indifferent to a prisoner's medical needs. *Id.*  Accordingly, a prisoner asserting a claim based on deficient medical care must demonstrate two elements: "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Id.* On summary judgment, the question is whether the plaintiff has asserted facts from which a jury may reasonably find in the plaintiff's favor on each of these elements.

### A.   Nurse Havens

Nurse Havens contends that there is no evidence to support a finding that she was deliberately indifferent to Sears's medical needs. Deliberate indifference has two components: "(1) the official must have subjective knowledge of the risk to the inmate's health; and (2) the official must also disregard that risk." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The evidence demonstrates that Nurse Havens likely had knowledge of the risk to Sears's health, but there is no evidence to support a finding that Nurse Havens disregarded that risk. Rather, the evidence shows that she promptly responded to his requests for treatment and recommended treatment that was similar to treatment he had received outside the prison. Furthermore, the evidence shows that Sears chose to refuse follow-up care when it was offered. Therefore, no

4

reasonable jury could find that Nurse Havens disregarded the risk to Sears's health, and Nurse Havens is entitled to summary judgment.

### B.      Dr. Collier

Dr. Collier also contends that there is no evidence to support a finding that he was deliberately indifferent to Sears's needs. The Court agrees. The evidence before the Court is that Dr. Collier promptly prescribed Bactrim to treat Sears's cysts, as had Sears's prior physician, when he was contacted by Nurse Havens, and that he reviewed Sears's records the next time he visited the jail. Dr. Collier heard nothing else about Sears from the jail until Sears appeared on his patient list for November 16, 2011. The record reveals that, at Sears's November 16 appointment, Dr. Collier examined Sears and prescribed antibiotics and pain medication. One week later, Sears declined a nurse follow-up. There is thus no evidence from which a jury could reasonably conclude that Dr. Collier disregarded a known risk to Sears's health. As a result, summary judgment is warranted.

### IV.      <u>CONCLUSION</u>

For the foregoing reasons, the Defendants' motions are **GRANTED**.

SO ORDERED:      02/08/2013

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

**Copy by United States mail to:**
**Charles David Sears**
**107 W. Taylor Street**
**Shelbyville, IN 46176**